UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA PELLO | * | CIVIL ACTION NO. 24-752 |
| | * | |
| VERSUS | * | SECTION: "R"(1) |
| | * | |
| MOVING OFFICE EQUIPMENT, INC. | * | JUDGE SARAH S. VANCE |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| *********************************** | * | |

ORDER AND REASONS

Plaintiff in this action seeks to recover for damage sustained to a large copier during shipping by the defendant. Among other things, plaintiff alleges that the standard quoted cost for the delivery included insurance up to the listed value of the copier and that he purchased an additional $20,000 worth of insurance from the defendant for an additional fee. Presently before the Court is the plaintiff's Motion for Leave to File First Amended and Supplemental Complaint (Rec. Doc. 15) in which he seeks to join Travelers Property Casualty Insurance Company as a defendant alleging that it provided the alleged insurance policy based on defendant's disclosure that it has an insurance agreement with Travelers that may satisfy a possible judgment in this action. Because the facts alleged in the proposed pleading do not state a plausible claim against Travelers, the Motion for Leave must be DENIED as futile.

Background

Joshua Pello contracted with Moving Office Equipment, Inc. ("MOE"), for the transport of a large Ricoh C901 Graphic Arts Edition copier from California to Louisiana in December 2022. He alleges that the MOE website advertises that when a quote is received, it will include "packaging, fuel and insurance for the amount listed on the return instructions provided by the leasing company. This insures your shipment is covered for any physical damages during

1

transport." According to Mr. Pello, an MOE representative encouraged him to purchase additional insurance. He paid an extra fee of $300 for what he says was an additional $20,000 worth of insurance.

MOE claims, though, that Mr. Pello listed the copier's value as $20,000 and that the $300 fee he paid was to cover the copier up to this value. It claims that this coverage was never "insurance" and insists that it is not an insurer.

When the copier arrived in Louisiana, Mr. Pello noticed that the pallet was conspicuously smaller than it was when he had packed it in California and the copier was wrapped with a different color wrap. He found the paper tray was broken, there was damage to the front doors, and the brackets were bent. Other items were completely missing. He began communicating with MOE about the insurance claim process. Ultimately, though, MOE did not pay for repairs, which will cost over $81,000 according to an estimate Mr. Pello included with a demand letter.

Mr. Pello filed suit in this Court on March 25, 2024, claiming that MOE violated the Carmack Amendment and is liable for the replacement value of the damaged and lost goods, delay damages, attorneys' fees, and costs. Trial has been set for May 5, 2025. The deadline to complete discovery is March 4, 2025. The deadline to amend pleadings passed on August 8, 2024.

On August 8, 2024, Mr. Pello attempted to file a First Amended Complaint. However, because he did not seek leave of Court, the motion was marked deficient. He was allowed seven days to correct the deficiency, and within that time period he filed the present Motion for Leave.

Mr. Pello seeks to join Travelers as a defendant and add a claim for "Failure to Tender Insurance Payments." He alleges that MOE has disclosed Travelers as its insurer and therefore, he believes that the insurance policy he procured for $300 must have been from Travelers.

MOE opposes the motion. It argues that the motion is untimely and Mr. Pello has failed to show good cause. It argues further that the proposed amendment is futile and preempted by the Carmack Amendment. Challenging the facts alleged by Mr. Pello, MOE also argues that the amendment is frivolous.

In reply, Mr. Pello challenges MOE's version of the facts. And he argues that the Carmack Amendment only precludes state law claims against carriers, not insurance providers.

<u>Law and Analysis</u>

1.   *Standard for Granting Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." <u>Yumilicious Franchise, L.L.C. v. Barrie</u>, 819 F.3d 170, 177 (5th Cir. 2016) (quoting <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003).

To determine whether a complaint is futile, courts "apply 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" <u>Stripling v. Jordan Prod. Co., LLC</u>, 234 F.3d 863,

872–73 (5th Cir. 2000) (quoting <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

Where the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); <u>see</u> <u>S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA</u>, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

2.   *Analysis*

First, the Court finds that only Rule 15 is applicable here. Mr. Pello sought to file his amended complaint within the scheduling order deadline and fixed the deficiency within the time period allotted. He has complied with the scheduling order deadline and Rule 16 has not been implicated.

Next, the Court considers whether amendment is allowed under Rule 15. There is no evidence of undue delay, bad faith, or dilatory motive, nor have there been repeated failures to cure deficiencies. However, the Court finds that the amendment is not appropriate because it is futile.

The only alleged fact implicating Travelers is that MOE identified the insurer in its initial disclosures. But therein, MOE described Travelers as MOE's insurer and indicated that the policy might cover a judgment in this case. The only possible interpretation of this disclosure is that Travelers provides commercial general liability insurance or similar coverage to MOE. There is absolutely no indication from the facts alleged that Travelers might have issued a policy to Mr. Pello to cover damage to the copier. Nor is there any basis from which to conclude Mr. Pello might

be an additional insured under the policy. There is, accordingly, no plausible basis to find Travelers liable to Mr. Pello.

And as Mr. Pello essentially concedes, any state law claims against MOE arising out of the shipment are barred by the Carmack Amendment. See Heniff Transportation Sys., L.L.C. v. Trimac Transportation Servs., Inc., 847 F.3d 187, 190 (5th Cir. 2017).

Because the proposed amendment to join Travelers as a defendant is futile, the Court finds the Motion for Leave must be denied. If facts are later discovered that show the existence of an insurer that provided the alleged $20,000 in coverage, the Court will consider the propriety of a pleading amendment at that time.

Conclusion

For the foregoing reasons, Mr. Pello's Motion for Leave to File First Amended and Supplemental Complaint (Rec. Doc. 15) is DENIED.

New Orleans, Louisiana, this 9th day of September, 2024.

Janis van Meerveld<br>United States Magistrate Judge